Curia, per
Nott, J.
It has been decided in the cases of Brown, vs. Belcher, and Boyce, vs. Barksdale, (a) that in an action on the case against the Sheriff for an escape the Jury were not bound to give a verdict for the whole amount of the debt due to the Plaintiff, but might give such damages as they supposed the Plaintiff may have sustained by reason of the escape. But even in such cases unless the Sheriff can shew some circumstance in excuse or mitigation, I think the Jury ought to give the *282 whole debt, and not to speculate upon the probable chance which the Plaintiff had of recovering the whole, if the escape had «not taken place. But in this case the Plaintiff stands upon still higher ground. A person who is taken on a Ca. Sa. is required to give satisfactory security to the Sheriff, that he will within forty days render to the Clerk of the Court a schedule on oath of his whole estate, or so much thereof as will pay and satisfy the sum due on the execution by force of which he is confined, and the Sheriff is made responsible for the solvency of such security. If, therefore, the Sheriff takes good security, as he is required to do, the Plaintiff will recover the whole debt; because in an action on the Bond, the amount due on the execution is the measure by which the damages are to be estimated for the non performance of the condition. Smyth vs Wigfall, 2, Nott and M‘Cord, 135. And if the Sheriff is responsible for the solvency of the surety, he must be liable to the same extent.— Whether the person was insolvent or not, was a question which could not enter into the consideration of the case. To hold the insolvency of the party to be a justification for the Sheriff, would amount to a license to take mere nominal security in all cases of this sort. I am of opinion that the presiding Judge erred in his instructions to the Jury, and that a new trial must therefore be granted.

New Trial granted.

 Vide ante, 141.